MILLS, Judge.
Carroll was charged with five counts of manslaughter by culpable negligence [Section 782.07, Florida Statutes (1975)] and five counts of manslaughter by driving a motor vehicle while intoxicated [Section 860.01, Florida Statutes (1975)]. A jury convicted him of the five counts of manslaughter by culpable negligence but acquitted him of the five counts of manslaughter by driving a motor vehicle while intoxicated. He appeals contending the trial court erred in allowing testimony concerning his drinking of intoxicating beverages and his manner of driving an automobile three to five hours before the accident resulting in the offenses charged.
Apparently the testimony adduced by the State that Carroll found objectionable was that between 6:00 P.M. and 11:00 P.M., the time of the offense, Carroll had drunk between one and a half and two six-packs of beer, that at 7:00 P.M. he was probably drunk, that he was seen drinking later in the evening, that between 7:00 P.M. and 8:00 P.M. he drove at a speed of approximately seventy miles per hour while drinking a beer, and that he struck a curb while driving.
Carroll argues that the objectionable evidence was introduced by the State to show the propensity of Carroll to drive recklessly at a later time and this prejudiced the jury against him. Not so. Although Carroll was subsequently convicted of only manslaughter by culpable negligence, at the time of trial he was also charged with manslaughter by driving while intoxicated. The evidence in question was admissible on this latter charge to show intoxication.
Carroll also argues that the evidence was inadmissible under Williams v. State, 110 So.2d 654 (Fla.1959). Under the facts in the case before us, the Williams Rule is not applicable.
We affirm the judgment.
McCORD, C. J., and BOYER, J., concur.